| iWOODARD, Judge,
concurring in part and dissenting in part. ■
I concur with the majority’s decision to increase the appellant’s weekly wage, but I respectfully dissent from the majority’s decision that all medical diagnostic procedures revealed negative findings of Frantz’s back injury. In fact, her treating physician, who was the company’s doctor, stated that the medical evidence presented objective, positive findings related to her medical complaints caused by the work-related accident. Specifically, the CT scan and MRI both showed bulging discs, and she reported nerve radiating pain into her leg. Dr. Heard did not find her complaints exaggerated.
The majority’s decision adopted, verbatim, the finding stated in the Administrative Law Judge’s reasons for judgment that:
Afterwards, Ms.Frantz began seeing Dr. Michel Heard as her treating physician. Dr. Heard recommended numerous diagnostic tests, which were performed on December 13,'1995; a CT scan was performed. An MRI was performed on December 27, 1995. A bone scan was performed on May 21,1996. A myelogram and post myelogram CT scan was performed on September 17, 1996, and all these diagnostic tests resulted in a nega-tivefinding.
|2(Emphasis added.)
The majority’s decision adds, “Dr. Heard continued Frantz on a no-work status based solely upon her subjective complaints.” (Emphasis added.)
I believe that the record demonstrates that the Administrative Law Judge’s and the majority’s determination of “negative findings” in relation to Frantz’s back condition are clearly erroneous. Dr. Heard’s NARRATIVE REPORT, DATE: 12-19-95 of his examination of Frantz states:
The patient is seen in follow-up with continued complaints of low back pain with burning to the right upper leg. The lumbar CT shows bulging at the lower three discs, especially at the Lj-5 level. I will order a lumbar MRI scan. Physical therapy recommended three times per week for *754 the next three weeks. ''The patient has an appointment to be seen in clinic on January 8,1996 for follow-up.
(Emphasis added.).
It is a matter of common medical knowledge that the burning sensation Dr. Heard found in this examination is symptomatic of a nerve impingement. See generally, Parks v. Pine Bluff Sand & Gravel Co., 97-682 (La.App. 3 Cir. 2/18/98); 712 So.2d 905.
Additionally, Dr. Heard’s subsequent NARRATIVE REPORT(S) state:
DATE: 1-3-96:
The pátient is seen in follow-up for low back pain. Since last visit the pain is improved. Excess sitting aggravates the pain. The pain is constant. She has less leg pain. She had an MRI of the lumbar spine on December 27, 1995. This is reviewed today. It reveals small disc bulges at LU-5 and L5-S1 levels. The patient is- unable to work. She is approved for light and sedentary activities as tolerated. We are recommending that she continue physical therapy. The patient has not reached maximum medical improvement. A recheek in three weeks is advised.
NARRATIVE REPORT, DATE: 1-24-96:
The patient is seen in follow-up for low back pain. Since last visit the pain is improved. She has continued pain into the right paralumbar region. The pain is constant. The patient is unable to work. She is approved for light and sedentary activities as tolerated. We are recommending she continue physical therapy. The patient has not I3reached maximum medical improvement. The patient is given a prescription for Feldene 20 mg 1 daily with meals. A recheck in three weeks is advised.
NARRATIVE REPORT, DATE: 2-14-96:
The pátient is seen in follow-up for low back pain. Since last visit the pain is the same. The pain is constant. The low back pain goes in the right paralumbar and buttocks region. She is very tender at the right paralumbar area. The patient is given a Celestone and Marcaine block in this area. The physical therapy has been helping. We are recommending she continue physical therapy at three times per week for the next three weeks. The patient is unable to work. She is approved for light and sedentary activities as tolerated. The patient has not reached maximum medical improvement. The patient is given a prescription for Feldene 20 mg 1 daily with meals. A reeheck in three weeks is advised.
NARRATIVE REPORT, DATE: 3-13-96:
The patient is seen in follow-up for low back pain. Since last visit the pain is the same. Excess sitting' aggravates the pain. The pain is constant. She states she is not having any radicular lumbar pain today. Physical therapy is helping. We are recommending she continue physical therapy three times per week, for the next three weeks. We are recommending a back strengthening, work hardening program. She is approved for light and sedentary activities as tolerated. The patient is given a prescription for Feldene 20 mg 1 daily with' meals. A recheck in three weeks is advised.
NARRATIVE REPORT, DATE: 4-16-96:
. The patient is seen in follow-up for low back pain. There is no leg pain voiced today. -The pain is moderate. It is overall some improved. She is released to return to her pre-injury position with the restriction of no lifting more than 10 pounds. Physical therapy recommended three times per week for the next three weeks. The patient is given a prescription for Feldene 20 mg q a.m. A recheck in one month is advised.
NARRATIVE REPORT, DATE: 4-29-96:
The patient is seen in follow-up for low back pain to the right and left paralumbar region. The pain is moderate, constant. Excess sitting and standing aggravates the pain. Medicines give relief. The patient has not reached maximum medical improvement. The patient is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. The patient is given a prescription for Feldene 20 mg. The patient has an appointment to be seen in the clinic on May 14,1996.
*755 UNARRATIVE REPORT, DATE: 5-14-96:
The patient is seen in follow-up for low back pain to the right and left paralumbar region. She has no leg pain today. She is given an injection in the right paralumbar region for point tenderness. The patient has not reached maximum medical improvement. The patient is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. I have recommended physical therapy three times per week for three weeks. We have scheduled her for a bone scan. A recheck in three weeks is advised.
NARRATIVE REPORT, DATE: 5-30-96:
The patient is seen in follow-up for low back pain to the right and left paralumbar region. There is no radiating pain to the legs. The pain is moderate, constant. Excess sitting and standing aggravates the pain. Medicines give relief. The patient has not reached maximum medical improvement. The patient is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. I have recommended physical therapy five times per week for four weeks. The patient states that physical therapy has helped her but it was terminated by Workman’s Compensation agents at F.A. Richard. All treatment has also been denied. The patient is given a prescription for Feldene 20 mg 1 daily. A recheck in one month is advised.
NARRATIVE REPORT, DATE: 7-9-96:
The patient is seen in follow-up for low back pain to the right sacroiliac area and paralumbar region. The pain is aggravated by excessive sitting and activity. She has a moderate Ll¡.-5 bulge with thecal sac compression and mild bulging at L3-i, and L5-S1. She is given a Celestone and Marcaine block into the right paralumbar region. Physical therapy was helping but was by Workman’s Compensation at F.A. Richard. Ms. Pitman with F.A. Richard denied all treatment with the office on May 15, 1996. The patient has not reached maximum medical improvement. She remains disabled from work. We have encouraged her to be as active as possible within light and sedentary activities. We are still recommending she go the physical therapy daily for a four week period but this has also been denied.
NARRATIVE REPORT, DATE: 8-13-96:
The patient is seen in follow-up for low back pain to the midline lower lumbar region with no leg pain. The pain goes into the buttocks with excess sitting. The pain is moderate, constant. Excess sitting aggravates the pain. The patient has not reached maximum medical improvement. The patient is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. We are waiting on Workman’s Compensation to verify | .-¡physical therapy with is re-ordered today. The patient is given a prescription for Feldene 20 mg. A recheck in one month is advised.
NARRATIVE REPORT, DATE: 9-12-96:
The patient is seen in follow-up for low back pain to the right paralumbar and upper/lower leg with shooting pain into the calf. The pain is severe, constant. We are recommending a lumbar myelo-gram and postmyelogram CT. We advised the patient of that recommended. She is to discontinue physical therapy. The patient is instructed in a self-exercise program and TENS unit is recommended. The patient is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. The patient is given a prescription for Feldene 20 mg. A re-cheek is advised after the recommended diagnostic test is performed.
NARRATIVE REPORT, DATE: 9-18-96:
The patient is seen in follow-up for low back pain to the right and left upper/lower leg with numbness. She has no complications from the myelogram. The pain is moderate to severe, constant. The lumbar myelogram and postmyelogram CT scan shows bulging at L3-4 and LJ/,-5. No surgery is recommended. The patient is given a prescription for Feldene 20 mg and *756 Darvocet N-100. A TENS unit is recommended.
NARRATIVE REPORT, DATE: 10-16-96:
The patient is seen in follow-up for low back pain to the left upper/lower leg with burning. She has no limp. She is 18 inches less foil toe touches from the standing position. The patient has mild limitation of right and left bending and moderate limitation of extension of the lumbar spine. Using TENS is helping. She can sit up to one hour and stand in one position about one hour. The •patient is unable to work but is encouraged to be as active as possible within the parameters of light and sedentary activities as tolerated. The patient is given a prescription for Feldene 20 mg and Ultram 50 mg. She has a soft tissue injury with bulging disc but no disc protrusidn. Surgery is not recommended. We have recommended conservative care and pain management. A recheck in one month is advised.
(Emphasis added.)
The disc bulges found in the CT scan and the MRI are objective evidence, or positive findings,, of a back injury, especially when considered in conjunction with a patient’s complaints of back pain and a burning sensation that radiates downward into the legs. See generally, Parks, 712 So.2d 905. The fact that neither the CT scan, nor the MRI, found evidence of nerve impingement does not mean that it did not exist. It | f,is a matter of common medical knowledge that not always will such diagnostic procedures find such evidence if the nerve irritation is intermittent. Id
Dr. Heard testified by deposition in response to Southern Scrap Material Company, Inc.’s counsel’s question as follows:
Q. Dr. Heard, just for the Administrative ■ Law Judge’s benefit in this case, is there any objective way that we can verify that Ms. Franz [sic] is having the pain she complains of?
A. I don’t know of any objective method to know whether someone is actually having pain or what level of pain that they’re having. Complaints of pain are always subjective and not objective. The only objective findings that we have in this particular case is she does have bulging discs at the LB-4 and the IA-5 level but no evidence of any disc herniation.
(Emphasis added.)
Dr. Heard later testified in response to Frantz’s counsel’s questions as follows:
Q. She didn’t complain to you about anything that you felt that was inconsistent with what she should be complaining about?
A. Well, her complaints varied from back pain to back and radiating pain, and so there was some variation in the degree in the amount of pain she had. I never found any inconsistencies in her exam indicating that she was exaggerating. But there was variation from the type of symptoms she had from back pain one day to back and radiating pain on another.
[[Image here]]
Q. In regard to the accident that she related to you originally, that is, the lifting that caused her back complaints, do you feel that that was a cause of her complaints back then when she came to you?
A. She reported that she had no past ’ similar problems at the time of the accident. She was asymptomatic in her back and developed the problem after the accident, and I don’t have recollection or any record of any intervening trauma that could have aggravated the injury. So if those are the facts, then the best opinion on the causation would be that this is — the reported accident of October 1995 is the cause of her back and radiating pain.
(Emphasis added.)
^Significantly, Dr. Heard was the physician selected by Southern Scarp Material Company, Inc. to treat Frantz. She did not select him. He was the orthopedic to whom she was referred because of her persistent back pain.
I believe that there is sufficient clear and convincing evidence in the record supported *757 by objective medical evidence to substantiate Frantz’s claims and that she is entitled to benefits alter March 1996; she was entitled to medical treatment, including physical therapy; and that her employer was arbitrary and capricious for failing to provide medical and compensatory benefits such that she should be entitled to an award of penalties and attorney’s fees.
In my opinion an injustice has been done by the majority’s decision in this case.